O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FANNIE JONES-HUNDLEY,               )   Case No. CV 07-05025 DDP (CTx)
                                    )
                 Plaintiff,         )
                                    )
        v.                          )   **ORDER GRANTING MOTION FOR SUMMARY**
                                    )   **JUDGMENT**
LYNWOOD UNIFIED SCHOOL              )
DISTRICT, RACHEL CHAVEZ,            )
MARTINA RODRIGUEZ, MARIA            )   [Motion filed on May 28, 2009]
LOPEZ, JOSE LUIS SOLACHE,           )
ALFONSO MORALES, GUADALUPE          )
RODRIGUEZ, DHYAN LAL,               )
ROBERTO CASAS, DIANE LUCAS;         )
ANIM MENER, MALCOLM BUTLER,         )
                                    )
                 Defendants.        )
_____)

I.    BACKGROUND

     Plaintiff Fannie Jones-Hundley, who is African American, has
been employed with Defendant Lynwood Unified School District ("the
District") since 1976.  (Hundley Decl. ¶ 3.)  From 1976 to 2005,
she was employed as a middle school teacher.  (Id.)  In 2005,
Plaintiff was working at Lynwood Middle School ("LMS"), when
principal Anim Mener began her first year.  (Statement of
Uncontroverted Facts ("SUF") ¶ 5.)

1      On September 27, 2005, Plaintiff went to a District Board
2  meeting and described numerous problems with facilities at LMS,
3  including that she believed "a racist act has occurred at [LMS],"
4  and that she "was given a letter stating she was late for class and
5  someone else was not written up who arrived at the same time."
6  (Urias Decl. Ex. 3.)  Plaintiff further stated that there was "too
7  much going on" at LMS and that she did not want to continue working
8  there.   (Id.)  The next day, on September 28, 2005, Plaintiff was
9  delivering papers to the front office, when she states Mener
10 approached her, used a racial epithet against her (the word
11 "nigger"), and then told Plaintiff that Mener would get rid of her
12 if Plaintiff continued to embarrass her (as at the Board meeting).
13 (SUF ¶ 8; Hundley Decl. ¶ 8.)  Mener denies making the racial
14 epithet and believes Plaintiff was attempting to defame her.
15 (Urias Decl. Ex. 14.)  Plaintiff also states that Mener, in
16 general, harassed her by not acknowledging her or speaking to her
17 when they passed on campus, although Plaintiff concedes she was
18 never subjected to another derogatory comment.  (Hundley Decl. ¶ 8;
19 SUF ¶ 38.)

20     Some time around October 4, 2005, Mener recommended that
21 Plaintiff be transferred from LMS to Lynwood High School.  (Hundley
22 Decl. ¶ 3; Urias Decl. Ex. 22.)  The reason Mener recommended
23 Plaintiff's transfer was based on the events of September 28, 2005
24 and because she believed Plaintiff had defamed her.  (Garcia Decl.
25 Ex. 8.)  Plaintiff filed a first charge for race discrimination and
26 retaliation with the Equal Employment Opportunity Commission
27 ("EEOC") on December 1, 2005.  (Garcia Decl. Ex. 10.)  On October
28 11 and 25, 2005, Plaintiff returned to the District Board's public

1  meetings and informed the Board that she had been transferred and
2  discriminated against. (Urias Decl. Ex. 20.)  An investigation was
3  then conducted by the District, based on Plaintiff's comments to
4  the Board. (See Urias Decl. Ex. 7.)  In this investigation, Mener
5  was found to have produced four witnesses who substantiated her
6  position, while Plaintiff provided none. (Id.)  The Board
7  recommended dealing with any remaining problem according to the
8  union's grievance procedures.
9       Regarding her transfer to Lynwood High, Plaintiff states that
10 her transfer resulted in a loss of income, because she was no
11 longer able to work on an hourly basis on the weekend or in after-
12 school intervention programs. (Hundley Decl. ¶ 3.)  Plaintiff also
13 had more students at Lynwood High and was forced to do more
14 preparation work, because of the different nature of the grades she
15 taught. (Id. ¶ 5.)  The students at Lynwood High also had more
16 behavior problems. (Id. ¶ 6.)  Plaintiff filed a second charge
17 with the EEOC on July 11, 2006. (Garcia Decl. Ex. 11.)
18      One year after being transferred, Plaintiff went on paid
19 administrative leave from October 2006 through May 2007 in
20 connection with an unspecified administrative action that resulted
21 in a confidential settlement agreement.[1] (SUF ¶ 23.)  When she
22 returned to work, Plaintiff was placed at Vista High School
23 ("Vista"), which is a "continuation school." (SUF ¶ 24.)  Students
24 at Vista are placed there due to truancy, behavior, gang, family,
25 and psychological problems. (Hundley Decl. ¶ 7.)  Accordingly,
26
27 _____
28      [1] Plaintiff requests that the Court review this settlement
   agreement in camera.  The Court declines this request.

3

1  student conduct is much more of a problem than at Lynwood High or

2  LMS.  (<u>Id.</u>)  Plaintiff then filed the present suit.

3       Plaintiff's Second Amended Complaint ("SAC) brings the

4  following claims.  Except for the fourth claim, all claims are

5  against the District:

6
        1) wrongful demotion based on race discrimination in violation
7       of the Fair Employment and Housing Act ("FEHA"), Cal. Gov.
        Code § 12940(a);
8       2) retaliation in violation of FEHA § 12940(a);
        3) discrimination based on age in violation of FEHA §
9       12940(h);
        4) failure to prevent harassment in violation of FEHA §
10      12940(k), against both Mener and the District;
        5) racial discrimination in violation of Title VII, 42 U.S.C.
11      § 2000e, <u>et seq.</u>; and
        6) retaliation in violation of Title VII.
12
   (SAC 5-10.)  Defendants now move for summary judgment on all of
13
   Plaintiff's claims.
14
   **II.  LEGAL STANDARD**
15
        Summary judgment is appropriate where "the pleadings, the
16
   discovery and disclosure materials on file, and any affidavits show
17
   that there is no genuine issue as to any material fact and that the
18
   movant is entitled to a judgment as a matter of law."
19
   Fed. R. Civ. P. 56(c).  In determining a motion for summary
20
   judgment, all reasonable inferences from the evidence must be drawn
21
   in favor of the nonmoving party.  <u>Anderson v. Liberty Lobby, Inc.</u>,
22
   477 U.S. 242, 255 (1986).  A genuine issue exists if "the evidence
23
   is such that a reasonable jury could return a verdict for the
24
   nonmoving party," and material facts are those "that might affect
25
   the outcome of the suit under the governing law."  <u>Anderson</u>, 477
26
   U.S. at 248.  However, no genuine issue of fact exists "[w]here the
27
   record taken as a whole could not lead a rational trier of fact to
28

4

1  find for the non-moving party." Matsushita Elec. Indus. Co. v.

2  Zenith Radio Corp., 475 U.S. 574, 587 (1986).

3  **III. DISCUSSION**

4      A.    Age Discrimination under FEHA[2]

5      The plaintiff's prima facie burden is not "onerous," but the

6  plaintiff must at least show "actions taken by the employer from

7  which one can infer, if such actions remain unexplained, that it is

8  more likely than not that such actions were based on [age]." Guz

9  v. Bechtel Nat. Inc., 24 Cal.4th 317, 355 (Cal. 2000).

10     Here, Plaintiff presents literally no evidence of

11 discriminatory intent based on age.  Therefore, there is no genuine

12 issue and Plaintiff's age discrimination claims fail as a matter of

13 law.

14     B.    Racial Discrimination under FEHA and Title VII

15     FEHA and Title VII use the McDonnell Douglas "three-stage

16 burden-shifting test." Guz v. Bechtel National, Inc., 24 Cal. 4th

17 317, 354 (Cal. 2000).  Plaintiff must first establish a prima facie

18 case of discrimination, which the employer may then rebut with

19 evidence of a legitimate, nondiscriminatory rationale. Id. at 355-

20 56.  If the employer satisfies this burden, the plaintiff must

21 prove that the employer's reasons are pretextual. Id.

22 Accordingly, the plaintiff must provide evidence showing that the

23 employer's intent or motive was discriminatory; and the ultimate

24

25      [2] Defendants argue that Plaintiff has not exhausted

26 administrative remedies as to age because she did not check this
   box on her EEOC charge. (Garcia Decl. Ex. 11.)  While this is

27 true, Plaintiff does make an allegation of age discrimination
   within the text of her charge. (Id.)  Accordingly, the Court finds

28 that Plaintiff has exhausted administrative remedies as to
   discrimination based on age.

burden of persuasion remains with the Plaintiff.  Id. at 356, 383.
However, where a defendant moves for summary judgment, as here, the
framework is altered slightly.  Defendants have the initial burden
of proving either that Plaintiff has not established an element of
her claim, or that Defendants have a legitimate, nondiscriminatory
rationale for any adverse employment action.  Avila v. Continental
Airlines, Inc., 165 Cal. App. 4th 1237, 1247 (Cal. Ct. App.
2008)(citing Kelly v. Stamps.com Inc., 135 Cal. App. 4th 1088, 1098
(Cal. Ct. App. 2005)).

>           1.   Prima Facie Case

In order to present a prima facie case under FEHA, Plaintiff
must show that she is:  1) a member of a protected class; 2)
performing competently in the position she held; 3) suffered an
adverse employment action; and 4) that "some other circumstance
suggests discriminatory motive."  Kelly, 135 Cal. App. 4th at 1098
(citing Guz, 24 Cal. 4th 317).

Defendant argues that Plaintiff does not present a prima facie
case because she did not suffer an adverse employment action.  An
adverse employment action must materially affect Plaintiff's
"terms, conditions, or privileges of employment."  Yanowitz v.
L'Oreal USA, Inc., 36 Cal. 4th 1028, 1054-55 (Cal. 2005).
Plaintiff does not dispute that her base salary, benefits, and
teaching classification did not change when she transferred to
Lynwood High School.  (SUF ¶ 22.)  However, Plaintiff states that
she did suffer a loss of income, because the transfer precluded her
from working on an hourly basis on the weekend or in the after
school intervention programs at Lynwood Middle School.  (Hundley
Decl. ¶ 3.)  Plaintiff also had more students at Lynwood High

1  School and was forced to do more preparation work, because of the
2  different nature of the grades she taught.  (Id. ¶ 5.)  This is
3  sufficient to raise a genuine issue for the prima facie case.  See
4  Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1062 (9th Cir.
5  2002)(plaintiff's burden of production to establish a prima facie
6  case is "minimal and does not even need to rise to the level of a
7  preponderance of the evidence").

8              2.   Legitimate Business Rationale and Pretext

9      A legitimate business rationale must be "facially unrelated to
10  [the] prohibited bias."  Guz, 24 Cal.4th at 358.  Defendants argue
11  that Plaintiff was transferred because of an "irreconcilable
12  difference" between Mener and her.  In support of this assertion,
13  Defendants provide a letter from Mener to Superintendent Dhyan Lal
14  dated November 21, 2005, where Plaintiff states her belief that
15  Plaintiff had defamed her.  (Urias Decl. Ex. 14.)  An allegation of
16  defamation is facially unrelated to racial discrimination and, as
17  such, Defendant has satisfied its burden to "articulate" a
18  legitimate, non-discriminatory reason.  See Villiarimo, 281 F.3d at
19  1062.

20      The burden thus shifts back to Plaintiff to raise a genuine
21  dispute as to pretext regarding Defendants' stated motivation of
22  defamation.  Plaintiff's argument is based entirely on two
23  occasions where Mener purportedly used racial epithets, a book
24  written by District Superintendent Dhyan Lal where he describes
25  mistreatment by the African-American community (against him
26  personally), and statistics of hiring patterns in the District that
27  show a decrease in African-American administrators and teachers,
28

7

1  and a racist remark by a District Board member (before she joined
2  the Board).

3      To begin, Plaintiff fails to demonstrate how Lal's book or his
4  deposition testimony in any way specifically relates to Mener's
5  allegation of defamation by Plaintiff.  Similarly, Plaintiff cannot
6  raise a genuine issue regarding a Board-wide policy which resulted
7  in Plaintiff's reassignment (based on hiring practices of the
8  Board).  While Plaintiff presents evidence that Board Members
9  rarely, if ever, do more than approve the superintendent's
10  personnel recommendations, Plaintiff has failed to demonstrate with
11  more than vague speculation that Lal or any Board Member
12  implemented any policy evidencing animus, particularly with
13  reference to Plaintiff.  As such, no reasonable trier of fact could
14  believe these demonstrate pretext in Plaintiff's case.

15      Next, Plaintiff's statistical evidence demonstrates that in
16  the District there has been a 28 percent decrease in African-
17  American staff, teachers, and administrators from 2001 to 2008.
18  (Mot. 8.)  However, these statistics are unsupported by any
19  corroborative evidence of discrimination; and no rational trier of
20  fact could believe that they indicate either a policy of
21  discrimination or, specifically, that Plaintiff's transfer was
22  motivated by race.  See American Federation of State, County, and
23  Mun. Employees, AFL-CIO (AFSCME) v. State of Wash., 770 F.2d 1401,
24  1407 (9th Cir. 1985)("The weight to be accorded such statistics is
25  determined by the existence of independent corroborative evidence
26  of discrimination.").

27      Finally, Plaintiff also provides evidence of two racist
28  comments made by Mener.  One is the comment directed to Plaintiff

1  (that Mener believed defamed her); the was purportedly overheard by
2  an administrator named Cornelia Davis, who states that she
3  overheard Mener refer to the students as "niggers" and "wetbacks."
4  (Rees Decl. Ex. J "Davis Depo" 100:9-13.)  The comment by Davis is
5  unconnected by time or relation to Plaintiff's employment decision,
6  and is insufficient to create a genuine issue on a motion for
7  summary judgment.  Liu v. Amway Corp., 347 F.3d 1125, 1142 (9th
8  Cir. 2003).  The remark overheard by Plaintiff is also ultimately
9  insufficient to raise a genuine issue, because this remark stands
10 alone and is totally uncorroborated by any other evidence.  Where
11 the only evidence presented is "uncorroborated and self-serving"
12 testimony by Plaintiff, this cannot raise a genuine issue of
13 material fact.  Villiarimo, 281 F.3d at 1061.

14      As there is no genuine issue of material fact, the Court finds
15 that Plaintiff's claims based on racial discrimination fail.

16      C.   Failure to Prevent Harassment under FEHA - Defendants
17           District and Mener

18      The elements of a claim of hostile environment harassment
19 under FEHA are:  1) plaintiff belongs to a protected group; 2)
20 plaintiff was subject to unwelcome racial, national origin, or sex
21 harassment; 3) the harassment was sufficiently pervasive to alter
22 the conditions of employment and create an abusive working
23 environment; 4) the harassment was based on race, national origin,
24 or sex; and 5) respondeat superior.  Fisher v. San Pedro Peninsula
25 Hosp., 214 Cal. App. 3d 590, 608 (Cal. Ct. App. 1989).

26      Again, as with her age discrimination claim, Plaintiff
27 provides no evidence which raises a genuine dispute as to
28 harassment based on race.  Instead, Plaintiff references one racial

1  epithet and says generally that Mener was unpleasant to work for.
2  In order to raise a genuine issue as to harassment, a plaintiff
3  must present evidence that his or her workplace was "permeated with
4  discriminatory intimidation," Harris v. Forklift Sys., Inc., 510
5  U.S. 17, 21 (1993), such that it is "subjectively and objectively"
6  abusive.  Fuller v. City of Oakland, 47 F.3d 1522, 1527 (9th Cir.
7  1995).  Plaintiff's vague statements of unpleasant interactions
8  with Mener are insufficient to permit a rational trier of fact to
9  infer harassment based on race.

10      The Court finds that Plaintiff has not presented a claim for
11  harassment.  As Plaintiff's claim for harassment fails, Plaintiff's
12  claim for failure to prevent harassment also fails.

13      D.   Retaliation in Violation of Title VII and FEHA

14      A plaintiff establishes a prima facie case of retaliation by
15  demonstrating:  1) she engaged in protected activity; 2) that
16  afterwards her employer subjected her to an adverse employment
17  action; and 3) a causal link between the two.  Morgan v. Regents of
18  University of California, 88 Cal. App. 4th 52, 69 (Cal. Ct. App.
19  2001).  Assuming the prima facie case has been met, Defendant may
20  rebut the prima facie case by presenting a legitimate business
21  rationale, which the plaintiff may then overcome by a showing that
22  the employer's rationale is pretext for retaliation.  Stegall v.
23  Citadel Broadcasting Co., 350 F.3d 1061, 1066 (9th Cir. 2003).

24      As described above, Plaintiff has raised a genuine issue of
25  material fact as to whether she suffered an adverse employment
26  action.  Defendants have also articulated a legitimate business
27  rationale - defamation by Plaintiff.  However, while Plaintiff
28  attempts to rebut Defendants' argument as it applies to

1  discrimination, Plaintiff does not present evidence to rebut

2  Defendants' legitimate business rationale as it applies to

3  <u>retaliation</u>.   In other words, Plaintiff fails to point the Court to

4  any evidence or argument which demonstrates that Defendants'

5  rationale was a pretext for <u>retaliation</u>.   Mere assertions in a

6  party's memorandum opposing summary judgment, without designation

7  of specific facts supported by the evidence, do not create a

8  genuine issue of material fact.   See <u>Nissho-Iwai American Corp. v.</u>

9  <u>San Francisco Unified Sch. Dist.</u>, 845 F.2d 1300, 1307 (9th Cir.

10  2001); <u>S.A. Empresa De Viacao Aerea Rio Grandense v. Walter Kidde &</u>

11  <u>Co.</u>, 690 F.2d 1235, 1238 (9th Cir. 1980).   Further, the Court "is

12  not required to comb the record to find some reason to deny a

13  motion for summary judgment."   <u>Forsberg v. Pac. Northwest Bell Tel.</u>

14  <u>Co.</u>, 840 F.2d 1409, 1418 (9th Cir. 1988).

15       Therefore, as there is no issue of material fact, the Court

16  grants Defendants' motion as to Plaintiff's claim for retaliation.

17  **IV.   CONCLUSION**

18       For the above reasons, Defendants' motion is GRANTED.

19

20  IT IS SO ORDERED.

21

22

23  Dated: August 6, 2009

24                                      DEAN D. PREGERSON
                                        United States District Judge

25

26

27

28

11